UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THERESA COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:22-CV-236-TAV-CHS |
| | ) |
| ADVANCE STORES COMPANY, | ) |
| INCORPORATED, d/b/a | ) |
| ADVANCE AUTO PARTS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's Motion to Move Trial to Chattanooga [Doc. 29]. Plaintiff moves pursuant Federal Rule of Civil Procedure 16(b)(4), 28 U.S.C. § 1404(a)–(b), and the Court's scheduling order [Doc. 11], requesting that the trial in this case, currently set for December 10, 2024, in Knoxville, Tennessee, be moved to the Chattanooga Division of the United States District Court for the Eastern District of Tennessee. For the reasons stated herein, plaintiff's motion [Doc. 29] is **DENIED**.

The Court first notes that while plaintiff moves pursuant to 28 U.S.C. § 1404(a), and later pursuant to § 1404(b) in her conclusion, neither of these statute subsections appear to be applicable to the relief plaintiff seeks. First, under 28 U.S.C. § 1404(a), the Court has the discretion to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, however, plaintiff has not requested to move the entire action; rather, plaintiff merely asks for the trial to be held in Chattanooga rather than Knoxville. Second, 28 U.S.C. § 1404(b)

is only invoked "[u]pon motion, consent or stipulation of all parties[,]" and the motion before the Court is not a joint motion. Therefore, neither subsection appears to be applicable to plaintiff's motion.

Regardless, however, of whether these statute subsections may be applicable, the Court will examine the private and public interest factors used in assessing a transfer under 28 U.S.C. § 1404(a)–(b),[1] as most relevant here, in determining whether good cause exists to warrant a trial transfer [*See* Doc. 11, p. 1]. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

In support of her motion, plaintiff states that her witnesses, including herself, live in the Chattanooga area and that bringing her witnesses to Knoxville would be expensive and logistically challenging for her [Doc. 29, p. 1]. Further, plaintiff states that one of defendant's witnesses lives in the Chattanooga area [*Id.* at 1–2]. Plaintiff also states that her counsel practices in Chattanooga, and that while defendant's counsel lives in Nashville, Chattanooga is a closer venue to Nashville than Knoxville [*Id.* at 2].

Regarding the convenience of the parties and witnesses, the Court acknowledges that several witnesses for plaintiff as well as defendant reside in Chattanooga or the immediate surrounding area. However, both plaintiff and defendant list potential witnesses

---

[1] The factors a court is to consider under a 28 U.S.C. § 1404(a)–(b) motion are "the convenience of the parties and witnesses; the accessibility to evidence; the availability of process to make reluctant witnesses testify; the costs of obtaining willing witnesses; the practical problems of trying the case most expeditiously and inexpensively; and the interests of justice." *Panaro v. United Airlines, Inc.*, No. 4:23-CV-45, 2024 WL 4291495, at *2 (E.D. Tenn. Sept. 25, 2024) (quoting *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009)); *see Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 215 (S.D. Ohio 1989) (citation omitted) (stating that "transfers pursuant to 28 U.S.C. § 1404(b) are . . . subject to the same analysis under § 1404(a) but apparently judged by a less rigorous standard.").

who reside outside of the Chattanooga area. Plaintiff lists one witness who resides in Marietta, Georgia, and two other witnesses who reside in counties other than Hamilton County where Chattanooga sits [*See* Doc. 27]. And defendant's supplemental witness list includes a potential witness who, upon information and belief, now resides in North Carolina [*See* Doc. 28]. Thus, it appears that regardless of whether the trial is held in Chattanooga or Knoxville, several witnesses will have to travel upwards of two hours. Furthermore, as a result of necessitated travel no matter where the trial is held, there will inevitably be costs to obtain willing witnesses. The Court also notes that, while plaintiff discusses the convenience of a transfer for her counsel and defendant's counsel, the convenience of counsel is not a factor to be considered in a motion to transfer. *See K.B. ex rel. T.B. v. Mich. Dep't of Health & Human Servs.*, 367 F. Supp. 3d 647, 655 (pointing out that plaintiffs' lead counsel was their attorney and not a party for purposes of a motion to transfer).

Plaintiff makes no argument as to any difficulties with access to proof or reluctant witnesses. In reviewing the parties' exhibit lists, there does not appear to be any difficulties with access to proof in this case [*See* Docs. 31, 38]. The evidence in this case appears to be largely witness testimony, which was addressed above, and paper or electronic documents, which are easily and readily movable forms of proof [*Id.*]. Further, there has been no indication that there are any reluctant witnesses in this case requiring an exercise of subpoena power.

Other than the logistics and expense of bringing witnesses to Knoxville, which has already been discussed, plaintiff raises no other practical problems of trying the case most

3

expeditiously and inexpensively.  And as to the interests of justice, plaintiff raises no arguments.  Considerations within the interests-of-justice factor include "(1) the court's interest in judicial economy; (2) docket congestion; (3) local interest in deciding the controversy at home, and (4) in diversity cases, the interest of conducting the trial in the forum of the governing law."  *Olin-Marquez v. Arrow Senior Living Mgmt., LLC*, 586 F. Supp. 3d 759, 778 (S.D. Ohio 2022) (citation omitted).  The Court notes the negative impact that holding a four-day trial in Chattanooga would have on the Court's efficiency.  The Court has a heavy criminal docket, and travel to and from Chattanooga for trial would affect the Court's ability to tend to pending, time-sensitive criminal matters.  Additionally, while plaintiff has filed their motion before the deadline imposed by the scheduling order [Doc. 11, p. 1], the parties have been aware since November 10, 2022, of the Court's intention to try this case in Knoxville, Tennessee.  Despite this, plaintiff has waited nearly two years, and close to the eve of trial, to move for a trial transfer.

After consideration of the above factors, the Court does not find good cause to transfer the trial in this case.  Accordingly, plaintiff's motion to transfer the trial location to Chattanooga [Doc. 29] is **DENIED**.

Further, and upon review of the record,[2] the Court **ORDERS** the parties to participate in a judicial settlement conference on **Friday, November 22, 2024, at 9:30 a.m. in Courtroom 4 in Knoxville, Tennessee, before Senior Judge Thomas W. Phillips**.  In

---

[2] Among other things, the Court notes the parties' statement in the Pretrial Order that the possibility of settlement is "Unknown" [Doc. 41, p. 8].

4

addition to counsel for the parties, plaintiff and a representative of defendant with settlement authority **SHALL** attend this judicial settlement conference.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
